Walter L. **HAWKINS**, Plaintiff,

v.

**GENERAL CONTROLS CORPORATION**, Defendant.

United States District Court
S. D. New York.
Jan. 29, 1964.

Fuchsberg & Fuchsberg, New York City, for plaintiff; Marvin Lechtman, New York City, of counsel.

Garbarini, Scher, De Cicco & Berardino, New York City, for defendant; S. J. Berardino, Anthony J. De Cicco, New York City, of counsel.

FEINBERG, District Judge.

Plaintiff moves under 28 U.S.C. § 1404 (a) to transfer this negligence action to the United States District Court for Massachusetts in Boston. The action arises out of an accident that occurred on or about October 25, 1961, in Falmouth, Massachusetts. According to the complaint, plaintiff started the furnace in the cellar of a home in Falmouth, Massachusetts, and was seriously burned in an ensuing explosion. Plaintiff is a citizen of the State of New Jersey, but at the time was a sergeant in the Air Force stationed at a base in Falmouth. Defendant is a California corporation, manufacturing valves for use in liquid petroleum gas furnaces of the sort involved in the accident injuring plaintiff.

There are now pending in the United States District Court for Massachusetts in Boston actions brought by plaintiff arising out of the same explosion against various alleged owners of the building, the service company for the furnace, the manufacturer of the furnace, the seller of the fuel used in the furnace, the manufacturer of the fuel, and the manufacturer of aluminum piping used in the manufacture of the furnace. Plaintiff filed the instant action in this District, where defendant is concededly doing business, on October 14, 1963, which plaintiff states (and defendant does not dispute) was just prior to the expiration of the two-year Massachusetts statute of limitations. However, plaintiff now moves to transfer on the ground that the interest of justice and the convenience of the parties and witnesses will best be served if this action is consolidated with the actions already commenced in Massachusetts.

From a review of the papers, there is no doubt at all that the convenience of the parties and witnesses and the interest of justice will be best served by having all of these actions resolved in Massachusetts in the same court and possibly in a single trial. Cf. Winsor v. United Air Lines, Inc., 153 F.Supp. 244 (E.D.N.Y.1957). None of the parties to this motion is a citizen of New York, and the medical witnesses, fire officials, public safety inspectors, and experts who are familiar with the situs of the accident are apparently residents of Massachusetts. It is also clear that a plaintiff, as well as a defendant, may move under 28 U.S.C.A. § 1404(a). 1 Moore, Federal Practice ¶ 0.145 [4.–2], at 1766–68 (2d ed. 1961). The only question is whether the district in Massachusetts is one where the action originally "might have been brought." Plaintiff's papers do not set forth sufficient facts to deal intelligently with the issue of whether defendant was a foreign corporation doing sufficient business in Massachusetts so that it might be sued there. Were the factors suggesting transfer not so strong, ordinarily I would deny the motion with prejudice. However, in the circumstances, the denial will be without prejudice to plaintiff's renewal of the motion no later than ninety days from the date of the order to be entered herein. In the meantime, if it intends to renew the motion, plaintiff should utilize the discovery procedures available to it to develop the facts on this crucial issue so that the Court may have a fuller record

if the motion is renewed. Defendant's discovery for this ninety day period will be stayed, and plaintiff's discovery will be confined to the issue of whether defendant is doing business in Massachusetts.

Accordingly, the motion for transfer will be denied. Settle order on notice.